UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BASEM EL HENDAWY, *pro se*,

                            Plaintiff,

                        -against-

HAMED ALIM,

                            Defendant.
-------------------------------------------------------------------x

**SUMMARY ORDER**
15-CV-4508 (DLI) (RML)

**DORA L. IRIZARRY, United States District Judge:**

On August 3, 2015, *pro se* plaintiff Basem El Hendawy (the "Plaintiff") filed this action against Hamed Alim. Plaintiff paid the statutory filing fee to commence this action. The complaint is dismissed for lack of subject matter for the reasons set forth below.

**BACKGROUND**

Plaintiff alleges that defendant Hamed Alim (the "Defendant") signed a promissory note that required Defendant to "pay [Plaintiff beginning in May] an annual percentage rate of 24% on the principle [sic] amount of $210,000.00 on a monthly basis." (Compl. at ¶¶ 3-5, Dkt. Entry No. 1.) Plaintiff alleges that Defendant has failed to "make the monthly payments on time" and that checks dated June 12 and July 2 were returned for insufficient funds. (*Id.* at ¶¶ 9-10.) Plaintiff seeks $26,300 in addition to the principal amount of the promissory note, $210,000. (*Id.* at ¶ V.)

**STANDARD OF REVIEW**

In reviewing the complaint, this Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court construes *pro se*

pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). Nonetheless, even where a plaintiff has paid a filing fee, as Plaintiff has here, "a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter." *Paige v. City of New York,* 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010); *see also* Fed. R. Civ. P. 12 (h)(3); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Hawkins–El III v. AIG Fed. Savings Bank,* 334 F. App'x. 394, 395 (2d Cir. 2009) .

## DISCUSSION

It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Id*. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth*., 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd* 450 F. App'x. 66 (2d Cir. 2011).

Turning to the instant action, the Complaint fails to establish any valid basis for this Court's jurisdiction over Plaintiff's claims. First, diversity jurisdiction pursuant to 28 U.S.C. § 1332 is properly invoked only where there is complete diversity of citizenship between the parties, *i.e.* each defendant is a citizen of a different State from each plaintiff. *See Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978); *Graves v. Home Depot U.S.A., Inc.*, 2013

WL 3055348, at *1 (S.D.N.Y. May 24, 2013). Here, both Plaintiff and Defendant appear to be citizens of New York and thus diversity of citizenship is lacking. (*See* Compl. at 1.)

Second, the Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546. U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Here, Plaintiff's complaint suggests no basis for federal jurisdiction as he is not suing under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Indeed, Plaintiff states that jurisdiction "is invoked pursuant to the laws of **New York State**." (*See* Compl. at 1 (emphasis in original)).

## CONCLUSION

For the reasons set forth above, this complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 12, 2015

/s/
DORA L. IRIZARRY
United States District Judge